# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| CG TECHNOLOGY DEVELOPMENT, LLC, INTERACTIVE GAMES LIMITED, and INTERACTIVE GAMES LLC,<br><br>                Plaintiff,<br><br>vs.<br><br>FANDUEL, INC.,<br><br>                Defendant. | 2:16-cv-00801-RCJ-VCF<br>For Pre-Trial Discovery Purposes,<br>Consolidated with:<br>2:16-cv-00781-RCJ-VCF<br>2:16-cv-00856-RCJ-VCF<br>2:16-cv-00857-RCJ-VCF<br>2:16-cv-00858-RCJ-VCF<br>2:16-cv-00859-RCJ-VCF<br>2:16-cv-00871-RCJ-VCF<br><br>**RULING RESOLVING DISPUTED PROPOSED PROTECTIVE ORDER PROVISIONS REGARDING THE DISCLOSURE AND USE OF SOURCE CODE FOR THESE CASES CONSOLIDATED FOR PRETRIAL PURPOSES** |

        On December 22, 2106, the parties filed their Proposed Disputed Protective Order Regarding the Disclosure and Use of Discovery Materials for Consolidated Cases (ECF No. 100, in the lead case).

        This filing reflects a sincere effort by counsel to resolve the complex discovery issues arising in these patent cases. Two issues are presented for resolution by the court:

        1.    Competing proposed additional restrictions in Paragraph 14, concerning the production of source code; Plaintiffs' sub-paragraphs (k) – (p) versus Defendants' sub-paragraphs (k) – (t); and
        2.    Competing proposed prosecution bar restrictions, Paragraph 15.

        Defendants maintain that the more onerous restrictions they propose are necessary to adequately protect their source code from inadvertent disclosure. Plaintiffs do not dispute that Defendants' additional

restrictions provide increased protections against inadvertent disclosure, but maintain that the additional costs imposed by defendants' location restrictive protocol is overly burdensome.

In the context of this patent case, brought by the plaintiffs, who at this stage in the proceedings will most likely not be producing source code, I find that defendants' additional restrictions are proportional to the acknowledged goal of protecting against inadvertent disclosure of defendants' source code.

With regard to the proposed prosecution bars, Plaintiffs propose a two-way prosecution bar to afford plaintiffs the same protection afforded to defendants in the event defendants seek production of plaintiffs' source code. Defendants maintain that a two-way prosecution bar places unnecessary burdens on defense counsel, when as things presently stand, plaintiff is not producing any of its source code. Defendants also cite Federal Circuit case law to the effect that since plaintiffs has yet to identify a single product of theirs that practices one or more of the patents-in-suit, they cannot demonstrate the need for the protection of a prosecution bar.

Accordingly, I find that the unilateral prosecution bar proposed by defendant is appropriate here. If, in the future, Plaintiffs identify any of their own source code or system architecture documents appropriate for production to defendants in this case, they may move to modify the Protective Order that I am approving now. Should these circumstances arise, counsel must first meet and confer on the subject in good faith.

A final Protective Order Regarding Disclosure of Discovery Materials for these Cases Consolidated for Pretrial Purposes, revising ECF No. 100 in accordance with this ruling, will apply to discovery in these cases.

IT IS SO ORDERED.

DATED this 30th day of December, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE